# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br>　　　　　　　Plaintiffs, <br><br>vs. <br><br>SAFETY SEALED WATER SYSTEMS LLC, a Domestic Limited-Liability Company; CRAIG EHRNREITER, individually; LORA LEE EHRNREITER, individually; and SCOTT HEFTY, individually, <br><br>　　　　　　　Defendants. | 2:15-cv-00180-APG-VCF <br><br>**<u>ORDER</u>** |

This matter involves The Board Of Trustees Of The Construction Industry And Laborers Health And Welfare Trust; The Board Of Trustees Of The Construction Industry And Laborers Joint Pension Trust; The Board Of Trustees Of The Construction Industry And Laborers Vacation Trust; and The Board Of Trustees Of Southern Nevada Laborers Local 872 Training Trust against Defendants Safety Sealed Water Systems LLC ("SSWS"), Craig Ehrnreiter, Lora Lee Ehrnreiter and Scott Hefty, for alleged violation of a collective bargaining agreement between the Laborers International Union of North

America, Local 872 and SSWS. (*See* Amended Compl. (#10 at 4[1]). Before the court is Plaintiffs' Application for Enlargement of Time to Serve Defendant Lora Lee Ehrnreiter and Request for Permission to Serve by Publication. (#24).  The period in which to serve Defendant Lora Lee Ehrnreiter expired on August 28, 2015. (#24). Plaintiffs' motion was filed prior to the expiration.

To date, no opposition has been filed by Defendants SSWS and Craig Ehrnreiter, whom have already appeared in this matter. Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.  Here, it would seem that Defendants SSWS and Craig Ehrnreiter have consented to the granting of this motion. As discussed in more detail below, Plaintiffs' motion is granted.

## DISCUSSION

Plaintiffs' motion presents two questions: (1) whether Plaintiffs may have additional time to serve Defendant Lora Lee Ehrnreiter and (2) whether Plaintiffs may serve Ms. Ehrnreiter by publication. Both questions are addressed below.

### A.     *Plaintiff's Motion for Additional Time to Serve Ms. Ehrnreiter is Granted*

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 120–day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m)

---

[1] Parenthetical citations refer to the court's docket.

state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* FED. R. CIV. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

Here, the Plaintiffs have satisfied this standard. Plaintiffs have diligently attempted to serve Ms. Ehrnreiter on May 6, 2015, May 8, 2015, May 11, 2015, May 14, 2015 and May 27, 2015, at her last known business address - 4255 S. Dean Martin Drive, Suite D, Las Vegas, Nevada 89103 but was unsuccessful. *See* #24-3. The process server tried to serve Ms. Ehrnreiter again at her last known residence address at 3733 Riano Circle, Las Vegas, Nevada 89103 on May 20, 2015.  On May 21, 2015, the current resident at 3733 Riano Circle, Las Vegas, Nevada that Ms. Ehrnreiter does not live at said address. *See* #24-3.  Plaintiffs located two addresses in Minnesota for Ms. Ehrnreiter and service at these locations were also unsuccessful.

Here, this constitutes "diligence" as Plaintiffs have tried to multiple times and ways to serve Ms. Ehrnreiter and Defendants would suffer no prejudice. Accordingly, the court grants Plaintiffs an additional sixty days, up to and including December 9, 2015 to effectuate service of the Amended Complaint and Summons on Ms. Ehrnreiter.

    **B.**  *Plaintiffs' Motion to Serve Ms. Ehrnreiter by Publication is Granted.*

Federal Rules of Civil Procedure do not expressly permit service by publication. Rule 4(e)(1), however, permits a plaintiff to serve a defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, Rule 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id.* Nevada courts principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence and other methods of locating defendants, such as consulting public directories and family members. *Id*.; citing *Price v. Dunn*, 106 Nev. 100, 787 P.2d 785, 786–7 (Nev. 1990), *rev'd on other grounds*, *NC–DSH, Inc. v. Garner*, 125 Nev. 647, 651 n. 3, 218 P.3d 853 (2009); *Abreu v. Gilmer*, 115 Nev. 308, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).

In *Price*, the Nevada Supreme Court found service by publication was not warranted, stating "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should exercise those methods." 787 P.2d at 786–7. There, the plaintiff contacted the defendant's stepmother, and upon hearing that the defendant lived out of state, moved for service by publication. *Id*. at 105, 787 P.2d 785. The Price court held that, "although [plaintiff's] affidavit technically complies with NRCP 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of depriving [defendant] of his fundamental right to due process." *Id*.

In contrast, in *Abreu*, the Nevada Supreme Court determined that the plaintiff exercised due diligence in attempting service because it made three attempts at the defendant's possible address and also consulted telephone company directories. *See* 115 Nev. at 311.

NRCP 4(e)(1)(iii) also requires that in addition to in-state publication, "where the present residence of the defendant is unknown the order may also direct that publication be made in a newspaper published outside the State of Nevada." *Id*. In cases "where the residence of a nonresident or absent defendant is known, the court or judge shall also direct a copy of the summons and complaint to be deposited in the post office." *Id*.

Additionally, Plaintiff has at least met, if not exceeded the efforts displayed by the plaintiffs in *Abrreu*. As mentioned above, the process server has diligently attempted to serve Ms. Ehrnreiter multiple times at her last known address(es) in Las Vegas and in Minnesota. The court finds that this is sufficient to permit service of process by publication under Nevada law. Accordingly, the court grants the Plaintiffs' request to serve Ms. Ehrnreiter by publication.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff is Plaintiffs' Application for Enlargement of Time to Serve Defendant Lora Lee Ehrnreiter and Request for Permission to Serve by Publication. (#24) is GRANTED. Plaintiffs have an additional 60 days, up to and including December 9, 2015, to perfect service on Defendant Lora Lee Ehrnreiter.

IT IS FURTHER ORDERED that service of the Summons and Amended Complaint in this action be made upon Defendant Lora Lee Ehrnreiter by publication in a newspaper of general circulation in the area of Defendant Ehrnreiter's last known address(es) in Minnesota and in a newspaper of general circulation in Las Vegas, Nevada, where this matter is currently pending. Said publications must run once per week for four consecutive weeks. The service of summons and amended complaint will be deemed complete upon the expiration of four weeks from the date of the first publication.

IT IS FURTHER ORDERED that Plaintiff must serve a copy of the Amended Complaint and Summons to Defendant Ehrnreiter *via* U.S. Mail at her last known address(es).

IT IS SO ORDERED.

DATED this 9th day of October, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE