UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SAFETY SEALED WATER SYSTEMS LLC, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:15-cv-00180-APG-VCF<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT**<br><br>(ECF Nos. 51, 57) |

　　　　The plaintiffs are multi-employer fringe benefit trust funds. ECF No. 10 at ¶ 6. They allege that Safety Sealed Water Systems, LLC, Lora Lee Ehrnreiter, Scott Hefty, and Craig Ehrnreiter failed to pay fringe-benefit contributions from November 1, 2009 through December 31, 2013, as required by a collective bargaining agreement. *Id.* at ¶¶ 7–14, 20. After being audited by the plaintiffs, the defendants agreed to a proposed repayment plan but never paid. *See* ECF Nos. 58-5–58-9.

　　　　As a result, the plaintiffs filed this lawsuit. The defendants were served and represented by counsel. Defense counsel for each defendant has since withdrawn and the defendants have stopped participating in this action. Accordingly, the Clerk of Court entered defaults against each defendant. The plaintiffs now seek default judgment, which I grant.

**I.　ANALYSIS**

　　　　Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the

clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes as true the factual allegations in the non-defaulting party's complaint. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Whether a default judgment will be granted is within the court's discretion. *Id.*

I consider the following factors in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

These factors show that default judgment is warranted in this case. The defendants have prejudiced the plaintiffs by refusing to participate in the case, despite being audited and agreeing to a repayment plan. *See, e.g., PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Potential prejudice to Plaintiffs favors granting a default judgment. If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Additionally, the plaintiffs have presented evidence on the merits of their case showing that the defendants were required to contribute $35,898.72 to the trust funds between November 1, 2009 and December 31, 2013 but did not. *See* ECF No. 52-1 at ¶¶ 7–9, 11, 13; 58-1 at ¶¶ 7–9, 11, 13; 58-2 at Art. 3, 12; 59-1 at ¶ 9. The defendants also presented evidence supporting their claims for a statutory award of liquidated damages, interest from the unpaid contributions, and attorney's fees. ECF Nos. 52-1 at ¶¶ 15–17; 58-1 at ¶¶ 15–17; 59-1 at ¶¶ 8–9; *see also* 29 U.S.C. § 1132(g)(2) (stating that if the plaintiff prevails, "the court shall award" the

unpaid contributions, interest on the unpaid contributions, liquidated damages, and attorney's fees); *accord Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989) (liquidated damages); *Operating Engineers Pension Trust v. A–C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988) (discussing § 1132(g)(2) and noting that "[t]he language 'shall award' denotes that such an award is mandatory").

The plaintiffs have also shown that an award of $52,196.12 in attorney's fees is reasonable. To determine reasonable attorney's fees, I calculate the "lodestar figure" by multiplying the hours reasonably spent on the case by a reasonable hourly rate. *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). I may adjust the loadstar figure in light of the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).

The *Kerr* factors show that there is no reason to adjust the plaintiffs' loadstar figure in this case. The time and labor required to prosecute this case was considerable. Although the case is not novel, it required a special understanding of ERISA—a notably "complex" statute—and the parties' collective bargaining agreement. *Varity Corp. v. Howe*, 516 U.S. 489, 516 (1996) (quoting *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 262 (1993). Additionally, plaintiffs' counsel has worked on this case since 2014, which has precluded them from taking on some other matters. The fee charged is a fixed rate of $260 per hour, which is customary for similar matters in Las Vegas. Plaintiffs' counsel obtained successful results as evidenced by this judgment in their clients' favor.

Turning to the fifth *Kerr* factor, there is little possibility of a dispute concerning material facts given both the plaintiffs' well-pleaded complaint and the defendants' admission that they failed to make the required contributions. *See* ECF No. 58-9 (accepting the plaintiffs' proposed repayment plan); *see also Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921–22 (N.D. Cal. 2010) ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment."). Default was not due to excusable neglect because the defendants were properly served and the individual defendants were represented by counsel. *See Landstar*, 725 F. Supp. 2d 916, 922 (concluding that this factor favored default judgment and "possibility of excusable neglect is remote" where defendant had been properly served).

Finally, although policy favors decisions on the merits, these defendants have abandoned their defense and have refused to comply with the court's orders to obtain counsel and file answers. *See* ECF No. 36; 54. Additionally, the court extended the dispositive motion deadline at least twice to allow the defendants to negotiate a settlement with the plaintiffs. ECF No. 47, 50. But no settlement has been reached. Under these circumstances, default judgment in favor of the plaintiffs and against the defendants is warranted.

## II.   CONCLUSION

IT IS THEREFORE ORDERED that the plaintiffs' **motions for default judgment (ECF No. 51, 57) are GRANTED**.

IT IS FURTHER ORDERED that the plaintiffs shall recover from the defendants, jointly and severally, as follows:

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

| Audit Nov 1, 2009 - Dec 31, 2013 | Amount | |
|---|---|---|
| Unremitted Contributions | $ | 35,898.73 |
| Liquidated Damages | $ | 7,179.75 |
| Interest from Unremitted Contributions (through 8/29/16) | $ | 19,188.67 |
| Additional LD's to match interest per ERISA law | $ | 12,008.92 |
| Attorney's Fees | $ | 500.00 |
| Total | $ | 74,776.07 |
| | | |
| Contributions - No Money Reports | $ | 39,606.96 |
| Interest - No Money Reports (through 8/29/16) | $ | 11,925.31 |
| LD's - No Money Reports | $ | 7,921.39 |
| Total for No Money Reports | $ | 59,453.66 |
| | | |
| Attorney's Fees associated with collection: | $ | 44,479.02 |
| Attorney's Costs associated with collection: | $ | 7,717.10 |
| Total Attorney's Fees and Costs: | $ | 52,196.12 |
| | | |
| **Total Amount Due for Audit & No Money Reports:** | $ | 186,425.85 |

IT IS THEREFORE ORDERED that the plaintiffs are awarded a judgment in the total amount of **$186,452.85** against the defendants, joint and several.

IT IS FURTHER ORDERED that post-judgment interest shall accrue at the legal rate under 28 U.S.C. § 1961.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment in the plaintiffs' favor.

DATED this 7th day of September, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE